IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CLARENCE DECARLO WILSON, | ) | 1:03CR407-3 |
| | ) | |
| Defendant, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| BILL BLACK CHEVROLET CADILLAC, INC., | ) | |

## MEMORANDUM OPINION AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This matter is before the Court on Defendant's Objections to Garnishment and Request for Hearing. (Docket Entry 108.) The Government has filed a response. (Docket Entry 111.) For the reasons that follow, this court recommends that Defendant's motion be denied.

## PROCEDURAL HISTORY

On December 12, 2003, Defendant Clarence DeCarlo Wilson pled guilty, pursuant to a plea agreement, to one count of Mail Fraud in violation of 18 U.S.C. §§ 1341 and 2. On March 30, 2004, Defendant was sentenced to five (5) months in prison and ordered to pay a special assessment in the amount of $100.00 and restitution in the amount of $96,000.00. As of December 26, 2013, the sum of $66,883.15 has been credited to the judgment debt, leaving a total balance of $44, 935.15, which includes principal in the amount of $29,216.81,

interest in the amount of $9,276.14, and penalties in the amount of $6,442.20. (*See* Notice to Defendant Debtor, Docket Entry 107.)

On December 11, 2013, the Government moved for a Writ of Continuing Garnishment as to Defendant's wages from his employment with Bill Black Chevrolet Cadillac ("Bill Black"). (Docket Entry 105.) The Writ issued to Bill Black on December 17, 2013 advised that an answer must be made within ten (10) days after service of the Writ. (Docket Entry 106.) Service of the Writ on Bill Black as Garnishee and service of the notice of post-judgment garnishment on Defendant were accomplished on December 17, 2013. (Docket Entry 108; text entry of Notice of Mailing dated December 17, 2013.) On December 26, 2013, Defendant requested a hearing on the grounds that his income had decreased and he has had health problems. (Docket Entry 108.) Garnishee Bill Black filed its answer on December 27, 2013, setting forth wage information for Defendant. (Docket Entry 109.)

## STANDARD OF REVIEW

As noted, the Judgment of Criminal Conviction contains an Order for restitution in the amount of $$96,100.00. Orders for restitution may be enforced by the United States in the same manner as a judgment imposing a fine. 18 U.S.C. § 3664 (m)(1)(A)(i). Such judgments may be enforced "in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law." 18 U.S.C. § 3613 (a). The Federal Debt Collection Procedures Act (FDCPA) allows the United States to garnish property of a debtor. 28 U.S.C. § 3205(a) ("A court may issue a writ of garnishment against property . . . in which the debtor has a substantial nonexempt interest and which is in the

2

possession, custody or control of a person other than the debtor, in order to satisfy the judgment against the debtor."). The statute sets forth the procedures to be followed in obtaining a Writ of Continuing Garnishment and there is no dispute that the Government has complied with these procedures. *See* 28 U.S.C. § 3205.

## DISCUSSION

Defendant has requested a hearing. The statute provides that the judgment debtor may file objections to the answer and request a hearing. 28 U.S.C. § 3205(c)(5). Once the Writ of Continuing Garnishment has been issued, a debtor may claim exemptions but there is no specific statutory procedure for objecting to the Writ itself. 28 U.S.C. § 3205(c)(1) ("If the court determines that the requirements of this section are satisfied, the court shall issue an appropriate writ of garnishment."); 28 U.S.C. § 3205 (c)(3)(B) ("The United States shall serve the . . . judgment debtor with a copy of the writ of garnishment[.] The Writ shall be accompanied by [] instructions to the judgment debtor for objecting to the answer of the garnishee and for obtaining a hearing on the objections.").

"Under the FDCPA, a judgment debtor may move to quash an enforcement order, like the garnishment at issue [here]. [However] the issues . . . are limited to the validity of any claim of exemption and the government's compliance with [the Act's] statutory requirements." *United States v. Pugh*, 75 Fed. App'x. 546, 547 (8th Cir. 2003); *accord*, 28 U.S.C. § 3202 (d) (a hearing concerning the enforcement of a judgment by the United States is limited to circumstances where the debtor has claimed exemptions or challenged compliance with statutory requirements or the judgment has been obtained by default). "What defendants my not contest is their claimed inability to afford the amount of garnishment."

3

*United States v. Bullock*, No. 3:03CR218, 2011 WL 486233 (W.D.N.C.Feb. 7, 2011), quoting *United States v. Lawrence*, 538 F. Supp. 2d 1188, 1194 (D.S.D. 2008) (holding that "consideration of Defendant's financial situation and/or the equities of the case are not subject to or within the purview of a garnishment hearing.").

The order of restitution in this matter was not the result of default. Defendant claims no exemptions and there is no dispute that the Government complied with the procedural requirements of the statute. Defendant does not dispute the amount owed. The Government seeks to garnish Defendant's earnings as authorized by the FDCPA, *i.e.*, 25 percent of Defendant's non-exempt disposable earnings. *See* 28 U.S.C. § 3001(9). The Government in this case seeks no more from Defendant than allowed under the law. Defendant has this raised no valid objection to the Writ of Garnishment. He is not, therefore, entitled to a hearing on the request for the Writ.

## CONCLUSION

For the reasons stated herein, **IT IS RECOMMENDED** that Defendant's Motion for a hearing in this garnishment proceeding (Docket Entry 108) be **DENIED**. To the extent that Defendant's filing is construed as a request to reduce the amount of garnishment in this matter, **IT IS FURTHER RECOMMENDED** that the Motion be **DENIED** and that the Writ for Garnishment be issued as requested.

_____
Joe L. Webster
United States Magistrate Judge

Durham, North Carolina
January 27, 2014